# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF FLORIDA
# Tampa Division

| | |
|---|---|
| **UNITED STATES EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,** | Case No.: |
| Plaintiff, | |
| vs. | |
| **LAKELAND EYE CLINIC, P.A.,** | |
| Defendant. | |

## PLAINTIFF UNITED STATES EQUAL EMPLOYMENT OPPORTUNITY COMMISSION'S COMPLAINT AND DEMAND FOR JURY TRIAL

This is an action under Title VII of the Civil Rights Act of 1964 to correct unlawful employment practices on the basis of sex and to provide appropriate relief to Brandi M. Branson ("Branson") who was adversely affected by such practices. As alleged with greater particularly below, Defendant Lakeland Eye Clinic, P.A. ("Lakeland" or "Defendant") terminated Branson, a transgender woman, because of sex.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Sections 706(f)(1) and (f)(3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (f)(3) ("Title VII") and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Middle District of Florida, Tampa Division.

**PARTIES**

3. Plaintiff United States Equal Employment Opportunity Commission ("EEOC" or the "Commission") is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII, and is expressly authorized to bring this action by Sections 706(f)(1) and (f)(3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (f)(3).

4. At all relevant times, Defendant has been a Florida professional corporation doing business in the State of Florida and has continuously had at least 15 employees.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

6. At all relevant times, Branson was an employee within the meaning of Section 701 of Title VII, 42 U.S.C. §§ 2000e(f).

**CONDITIONS PRECEDENT**

7. More than thirty days prior to the institution of this lawsuit, Branson filed a charge of discrimination with the Commission alleging violations of Title VII by Defendant.

8. The Commission conducted an investigation of Branson's charge, and on or about March 31, 2014, issued a Letter of Determination, finding reasonable cause to believe that Branson was discriminatorily terminated because of sex, in violation of Title VII.

9. All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF FACTS

10. Lakeland Eye Clinic employs seven physicians who perform refractive, corneal, and cataract surgery and treat retinal diseases. It is owned by Dr. Kevin Dorsett, an ophthalmologist.

11. In or about early 2010, Defendant decided to add a hearing division to the eye clinic. Defendant hired Physicians Hearing Services, Inc. ("PHSI"), a staffing company that specialized in hearing services, to provide candidates for the position of Director of Hearing Services. PHSI recommended Branson for the position based on Branson's extensive experience in the field of hearing aid sales in Florida.

12. On or about July 6, 2010, Defendant interviewed and hired Branson as Director of Hearing Services. At the time of hire, Branson presented as male (e.g., used the male name "Michael," wore male attire, and otherwise appeared to conform to traditional male gender norms).

13. Branson provided hearing services to patients who were referred to him by Defendant's physicians, and these referrals were Branson's only source of patients.

14. Branson performed the duties of his position successfully.

15. In or about late February 2011, Branson began wearing feminine attire to work, including make-up and women's tailored clothing. Branson observed that co-workers snickered, rolled their eyes, and withdrew from social interactions with her in response to her changing appearance.

16. In or about April 2011, Defendant requested a meeting with Branson, wherein Defendant confronted Branson about her changing appearance. Branson then informed Defendant that she was undergoing a gender transition from male to female and that she would be changing her name legally from Michael to Brandi.

17. Following this meeting, Defendant's managers and employees made derogatory comments about Branson's appearance, and the ostracism by her co-workers intensified.

18. From about April 2011, until her termination, all but one of Defendant's physicians stopped referring patients to Branson for hearing services, thereby depriving her of her client base.

19. On or about June 10, 2011, Defendant fired Branson, telling her that the position of Director of Hearing Services was being eliminated. Defendant told Branson that it would not hire an employee to replace her, as it was closing its hearing services division.

20. At the time of her termination, Branson was successfully performing the duties of her position.

21. On or about August 2011, Defendant hired a replacement for Branson and continued to operate its hearing services division. Branson was replaced by a male employee who conformed to traditional male gender norms.

22. As a result of the foregoing, Branson suffered damages.

## STATEMENT OF CLAIMS

23. Paragraphs 10 through 22 are fully incorporated herein.

24. Defendant engaged in unlawful employment practices, in violation of Section 703(a)(1) of Title VII, 42 U.S.C. § 2000e-2(a)(1), by terminating Branson because of sex.

25. Defendant's decision to terminate Branson was motivated by sex-based considerations. Specifically, Defendant terminated Branson because Branson is transgender, because of Branson's transition from male to female, and/or because Branson did not conform to the Defendant's sex- or gender-based preferences, expectations, or stereotypes.

26. The effect of the practices complained of in paragraphs 10 through 22 above has been to deprive Branson of equal employment opportunities and otherwise adversely affect her status as an employee because of her sex.

27. The unlawful employment practices complained of in paragraphs 10 through 22 above were intentional.

28. The unlawful employment practices complained of in paragraphs 10 through 22 above were done with malice or with reckless indifference to the federally protected rights of Branson.

## **PRAYER FOR RELIEF**

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, from engaging in any unlawful practice that discriminates against an employee or applicant because of their sex, including on the basis of gender identity;

B.     Order Defendant to institute and carry out policies, practices, and programs that provide equal employment opportunities regardless of sex (including gender identity), and which eradicate the effects of its past and present unlawful employment practices;

C.     Order Defendant to make Branson whole, providing reinstatement or front pay in lieu of reinstatement, if not feasible;

D.     Order Defendant to make Branson whole, providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices;

E.     Order Defendant to make Branson whole by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs 10 through 22 above in amounts to be determined at trial;

F.     Order Defendant to make Branson whole by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in paragraphs 10 through 22 above, including emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial;

G.     Order Defendant to pay Branson punitive damages for its malicious or recklessly indifferent conduct described in paragraphs 10 through 22 above, in amounts to be determined at trial;

H.     Grant such further relief as the Court deems necessary and proper in the public interest; and

I.     Award the Commission its costs of this action.

## **JURY TRIAL DEMAND**

The Commission requests a jury trial on all questions of fact raised by its complaint.

Respectfully submitted,

P. DAVID LOPEZ
General Counsel

JAMES LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
131 M Street, N.E.
Washington, DC 20507

ROBERT WEISBERG
Regional Attorney
Florida Bar # 285676

KIMBERLY A. CRUZ
Supervisory Trial Attorney
Florida Bar # 153729

s/ Jan Shelly_____
JAN SHELLY
TRIAL COUNSEL
Senior Trial Attorney
Missouri Bar # 42085

SAMANTHA WILLIAMS
Trial Attorney
Florida Bar # 0107117

U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

        501 East Polk Street, Suite 1000
        Tampa, Florida 33602
        Telephone: 813-202-7947
        Facsimile: 813-228-2045
        Email: Jan.Shelly@eeoc.gov
            Samantha.Williams@eeoc.gov